28                **COMMONWEALTH *versus* JOHN PHILLIPS.**

A copy of the proceedings of any court of record in this Commonwealth, certified to be a true copy of the record of such court, by the clerk of such court, under the seal thereof, is competent evidence of the existence of such record, in any other judicial tribunal in this Commonwealth.

In a criminal trial, a clerical error in a copy of a record offered in evidence, may be amended at any time before the cause is given to the jury.

It is competent to the legislature to authorize a court in one county, to sentence to an additional punishment a convict in the state-prison who has been more than once convicted in other counties, of crimes committed in those other counties.

A statute erecting a new tribunal or giving jurisdiction to an existing court to try past offences, is not *ex post facto.*

The 5th and 6th sections of *St.* 1817, *c.* 176, which prescribes additional punishment against convicts in the state-prison who have been more than once convicted, are not repealed by *St.* 1827, *c.* 118, except so far as they are altered by the 19th and 20th sections of this statute.

The statute of 1817 having prescribed that such additional punishment should be awarded by the Supreme Judicial Court, and the statute of 1827, that it should be awarded by the Municipal Court of the city of Boston, it was *held,* that the Municipal Court might lawfully pass the additional sentence where the last offence and conviction took place between the enactment of the two statutes.

Where an indictment for a third offence recites two former convictions and they are found by the verdict, the additional punishment ought to be, and in judgment of law will be deemed to be, embraced in the sentence then awarded upon the indictment, so that no information will afterwards lie, to award any additional punishment.

Two convictions at one and the same term of the same court, for two distinct crimes, each of which is punishable by confinement to hard labor for a term of years, are two convictions within the meaning of the statutes before mentioned for which additional punishment may be awarded

CERTIORARI. This case was argued at the last October term in Middlesex, by *S. D. Parker* in behalf of Phillips, and by *Morton,* Attorney-General, on the part of the Commonwealth.

*March 11th.*    SHAW C. J. now delivered the opinion of the Court. A writ of *certiorari* issued at a former term of this Court, on the petition of John Phillips, a convict in the state-prison, for the purpose of obtaining the decision of the Court, upon the valid-

ity of the proceedings of the Municipal Court, under which he is held.

On the return of the writ, with the record duly certified, it pears that the prisoner was sentenced to the state-prison for ie, upon an information filed in that court at the April term 1830, upon which the judgment was rendered at the May term of the same court.

The information sets forth that Phillips was convicted at the Supreme Judicial Court, in Middlesex, in 1810, of three several larcenies, at one and the same term, upon which, pursuant to the statute, then and still in force, he was sentenced as a common and notorious thief, to confinement at hard labor in the state-prison for the term of four years. It further sets forth a conviction for larceny, at the Municipal Court in March 1818, in having stolen a large amount of property, whereupon he was sentenced to confinement at hard labor in the state-prison, for two years, and *at the same term* of that court, another conviction for larceny, upon which he was sentenced to four years' hard labor in the state-prison. It then sets forth an indictment and conviction of Phillips at the Municipal Court, May term 1825, of another larceny, on which he was sentenced to confinement at hard labor, in the state-prison, for five years. The information then avers the identity of the prisoner, and prays process " that the additional punishment prescribed by the statutes in such cases, may be awarded against him."

Having traversed the facts set forth in the information, the prisoner was put upon his trial, and a verdict being returned that the facts were true, he was thereupon sentenced to imprisonment for life.

Several exceptions to the proceedings were taken at the Municipal Court, and which were allowed and ordered to be put upon the record, and to these the attention of the Court has now been drawn.

1. It was objected that the exemplification of the record of the conviction, before the Supreme Judicial Court in Middlesex, certified by the clerk, under the seal of the court. was not properly authenticated without the certificate of the chief justice, that the person certifying was the clerk duly authorized,

3 *

and that it was not competent evidence of such conviction to go to the jury.*

Without expressing any opinion as to the requisites for giving authenticity to records of other governments and states so as to entitle them to be received as evidence in this commonwealth, the Court are of opinion, that a copy of the proceedings of any court of record in this Commonwealth, certified to be a true copy of the record of such court, by the clerk of such court, under the seal thereof, is competent evidence of the existence of such record in every other judicial tribunal in the Commonwealth.[1]

2　That the clerk of the court for the county of Middlesex, was permitted to amend the copy of the record, during the progress of the trial.†

It appears, that there was a manifest clerical error in the copy, and that the clerk brought in the original and made the amendment during the trial; and it seems to us that it was properly allowed, being before the copy finally went to the jury, to be received and acted upon, as the basis of their verdict.

3. That the Municipal Court had no jurisdiction of this proceeding.‡　It is true, that the statute which first provided

---

* On this point the prisoner's counsel remarked, that the clerk is appointed by the Supreme Court; that his certificate used before another tribunal, in a different place, has no validity *proprio vigore*, because the judges of other courts have no means of knowing whether he is the clerk lawfully appointed, or a usurper of the office; and that the seal of the court, without a clerk's signature, is insufficient, for a stranger might get possession of the seal.

[1] See *Ladd* v. *Blunt*, 4 Mass. R. 402; *Vance* v. *Reardon*, 2 Nott & McC 299; Greenl. on Evidence, 547.

† The motion to amend was made after all the evidence on the part of the government was in, and while the prisoner's counsel was proceeding in the defence.

‡ On the subject of jurisdiction the prisoner's counsel argued, that the Municipal Court is a court of a limited special jurisdiction, for the trial of offences committed in the county of Suffolk; that the statute of 1827, *c.* 118, does not expressly empower it to punish for offences committed out of that county, and penal statutes are not to be extended by implication; and that the prisoner was now under a sentence of imprisonment for life, for offences committed out of that county.

But if that statute gives such jurisdiction to the Municipal Court, it is, so far as regards this prisoner, *ex post facto*, his last offence having been commit-

for the infliction of increased punishment upon second and third convictions for certain offences, by a separate and distinct proceeding by information, gave jurisdiction to the Supreme Judicial Court only, at Cambridge or Boston (*St.* 1817, *c.* 176, § 6) ; but by the subsequent statute (*St.* 1827, *c.* 118, § 20,) the jurisdiction was given in express terms to the Municipal Court, and we do not perceive why it is not competent to the legislature to vest this jurisdiction in one court as well as another.

4. It was further objected, that the law, as it was applied to the case of the prisoner, was *ex post facto*, inasmuch as the punishment was inflicted under a statute of 1827, whereas all the offences were committed before the passing of that act, the last conviction having been in 1825.

This would certainly be a formidable objection, could it be sustained ; but we are satisfied, from an examination and comparison of the several statutes, that it is not valid.

The statute of 1827, § 19, reënacts in the same terms the 5th section of the statute of 1818, which provides, " that whenever any person, who shall be convicted of any crime, before any court competent to try the same, the punishment whereof shall, by law, be confinement to hard labor for any term of years, shall have been before sentenced to a like punishment by any court of this or any other of the United States, whether such convict shall have been pardoned or not, he shall be sentenced to solitary imprisonment, not exceeding thirty days, and confinement to hard labor, not exceeding seven years, in addition to the punishment by law prescribed for

Commonwealth
v.
Phillips.

---

ted so early as 1825. For two years after that, the Supreme Court might have sentenced him to this additional punishment, but their power was taken away by *St.* 1827, c. 118, § 27, which repeals the 5th and 6th sections of the statute of 1817; and the Municipal Court, not having jurisdiction when the last offence was committed, could derive none from the statute of 1827, for a subsequent statute cannot bestow jurisdiction over a past offence. The repealing clause in the statute of 1827 is, that " an act entitled an act making further provision for the punishment of convicts, &c., excepting the fifth and sixth sections thereof, so far as the said fifth and sixth sections are not altered by the nineteenth and twentieth sections of this act," be repealed. The fifth and sixth sections, so far as they are altered by the nineteenth and twentieth, are repealed by implication, and so far as they are not so altered, they are repealed expressly, with the rest of the act.

Common-
wealth
*v*
Phillips.
32

the offence for which he shall be tried ; and in case such con-
vict shall have been twice before convicted and sentenced in
manner aforesaid, he shall be punished by confinement to hard
labor for life, and by solitary imprisonment as is herein before
provided." The statute then goes on to provide, that when
ever it shall appear to the warden of the state-prison, that any
convict received has been before sentenced, he shall make it
known to the county attorney for the county of Suffolk, who
shall institute proceedings before the Municipal Court, and if
the information be found to be true, that court shall proceed to
award the *residue* of the punishment, as above provided. The
repealing clause in the statute of 1827 repeals the former act
generally, but expressly excepts the 5th and 6th sections
thereof, so far as they are not altered by the 19th and 20th
sections of that act. The former statute in these particulars
is altered by the latter, only so far as it makes it the duty of
the warden only to make the representation, whereas the for
mer made it the duty of the warden and directors ; and also
by giving jurisdiction to the Municipal Court, instead of the
Supreme Court. Therefore, in all other respects, the 5th
and 6th sections of the statute of 1817, imposing additional
punishment in case of a second and third offence, and direct-
ing the mode in which it shall be awarded, remain in full force
The reënactment of the former statute, in the same words,
cannot be construed to be a repeal of the former. A new
statute which is repugnant to a former, though without repeal
ing words, repeals it by necessary implication ; for, as both
cannot stand together, and the last must have the force of law,
as the legislature have power to change and annul all preëxist-
ing laws, the former is of necessity abrogated and annulled.
But where a new statute embodies and reënacts former stat-
utes, such statutes are not thereby repealed.

A new tribunal may be erected, or new jurisdiction given
to an existing court, to try past offences, and this is not *ex
post facto.* These proceedings were had against the prisoner
in virtue of the statute of 1817, so that, on his conviction in
1825, the additional punishment, prescribed by that statute,
might have been awarded, and the same law continued in force
in 1830, when the information was filed, notwithstanding the

intervening act of 1827. The forum only was changed before which they should be had, and this might be done without any violation of law. It was not a new punishment; it was an increase of punishment prescribed by statute for the offence of which the prisoner was convicted in 1825, in consequence of the condition in which he stood, as a former convict. It was an order suppletory to the original judgment, and might be made by any tribunal authorized by law.[1]

5. But it was objected, that, as the conviction of 1825 was, in fact, for a third offence, and two of the former convictions were then before the court, and were recited in the indictment, and found by the verdict, the additional punishment prescribed by law, to be awarded upon a third conviction, for a crime punishable by confinement to hard labor for a term of years, might and ought then to have been awarded, and, in judgment of law, must be taken to have been embraced in the sentence which was then awarded, and therefore that no information lay, upon the statute, to award any residue of such punishment.

We are all of opinion, that this objection must be sustained.[2]

By the statute of 1817, as well as that of 1827, upon a third conviction, the court may sentence the convict to hard labor for life. The punishment is to be awarded *upon that conviction*, and for the offence of which he is then and there convicted.

The statute of 1817 contains a preamble to the 6th section, reciting, that whereas, at the time of indictment and trial of any person charged with crimes to be punished as aforesaid, it may not be known to the grand jury or the attorney of the Commonwealth whether the person so charged has been before convicted or not, and therefore it authorizes the proceeding by information.

It is a general rule in the exposition of statutes, that where

---

[1] See *Ross's case*, 2 Pick. 165; *Strong* v. *State*, 1 Blackford's (Ind.) R. 193; *Fletcher* v. *Peck*, 6 Cranch, 138; 3 Story on the Constitution, 212, 213; 2 Peters, 681, *App. No* 1; *Commonwealth* v. *Getchell*, 16 Pick. 452; *Commonwealth* v. *Mott*, 21 Pick. 492.

[2] See *Plumbly* v. *Commonwealth*, 2 Metc. 413; *Phillips* v. *Commonwealth*, 3 Metc. 588.

Common-
wealth
*v.*
.Phillips.

there is a preamble setting forth a particular case, and there-upon enacting provisions, manifestly designed to meet such case, the generality of the enacting clauses is restrained to the cases coming within the letter or equity of the preamble. This preamble is omitted in the statute of 1827. But we have already shown that it is not thereby repealed.[3] Besides, even without the preamble, the clear exposition of the statute must be, that an information will lie to bring up the convict to receive the additional punishment, to which he is by law liable, only in the case where the former convictions were not known to the court, or, at least, not judicially brought under its cognizance at the time of the second or third conviction; because, in any other case, it is the duty of the court to award the whole, including such additional punishment, at the time of such second or third conviction, respectively.

This proceeding by information to award additional punishment where sentence has already been pronounced, is founded solely on statute, is not known at the common law, is in a high degree penal, and therefore is not to be extended by construction beyond the cases clearly contemplated by the statute. But it does appear, in the present case, that the two convictions of 1818 were judicially before the court, upon the conviction in 1825, having been recited in the indictment, and found by the verdict, and the records of both of them being in the same court. The sentence on that conviction must be taken to have followed the indictment, and to be a sentence upon a third conviction. The case, therefore, in which alone an information may be filed under the statute, that, namely, where the former convictions were not known to the court when judgment was given, did not exist; there was no legal authority to sustain such information, and the proceedings under it must be quashed.[1]

This, however, depends upon another question which has been made, whether two convictions, at one and the same term of the same court, for two distinct larcenies or other

---

[3] See *Plumbly* v. *Commonwealth*, 2 Metc. 417; *Church* v. *Crocker*, 3 Mass R. 22; *Fiske* v. *Framingham Manuf. Co.* 12 Pick. 71.

[1] See *Wilde* v. *Commonwealth*, 2 Metc. 408; *Cooke, Petitioner*, 15 Pick 234; *St.* 1843, *c.* 80.

crimes, each of which is punishable by confinement to hard labor for a term of years, are two convictions, within the meaning of this statute, and we are all of opinion that they are, as much so, as two convictions at different terms or different courts.[2] The statute makes no such distinction, and contains no provision from which it could be implied. On the contrary, the language of the statute is full and explicit; "whenever any person convicted of any crime before any court of competent jurisdiction, shall have been before sentenced by any court, &c. ; and in case such convict shall have been twice convicted and sentenced in manner aforesaid," that is, before any court of competent jurisdiction. Being twice convicted, whether at the same or different terms, brings the convict within the letter and express provision of the statute.

A different view has probably been taken of this subject at the Municipal Court, and this is probably the reason why punishment as upon a third conviction was not awarded against the prisoner on his conviction in 1825, the conviction at Middlesex not being then before the court, and the other two convictions having been at one and the same term of the Municipal Court. It is no ground to sustain the proceedings on this information, that the punishment of imprisonment for life was not in fact awarded on the conviction in 1825. If it might and ought then to have been done, and the case before the court was such as to warrant and require it, and through misapprehension of the powers of the court, or the construction of the statute, it was not done, still such sentence could not be amended or corrected by proceedings on this information.

Nor is it material that more than three convictions are set forth in the information. However that circumstance might influence the discretion of the court, where there was any room for the exercise of discretion, it does not alter the power of the court to sustain jurisdiction of an information.

This renders it unnecessary to consider another question which was somewhat discussed at the bar, whether the three

Common-<br>wealth<br>·v.<br>Phillips.

---

[2] Altered by a provision of *St.* 1832, *c.* 73, which was repealed by *St.* 1833, *c.* 85. In the latter statute, however, the substance of this provision was reënacted. But see Rev. Stat. 810, 811, Act of Amendment, § 17; *Seymour, ex parte,* 14 Pick. 41 *and note ; Phillips* v. *Commonwealth,* 3 Metc. 588.

convictions for larceny in Middlesex, upon which the prisoner was sentenced pursuant to the statute, as a common and notorious thief, to four years' imprisonment, but neither of which larcenies alone was punishable by imprisonment for more than one year, constituted a crime punishable by imprisonment for a term of years within the meaning of the statute, and the Court give no opinion on that subject.[1]   We are all of opinion that there were three convictions, without considering the one in Middlesex, that these were judicially before the court, when sentence on the third was awarded, and, therefore, that the court had no jurisdiction to bring the prisoner before it, by information, to enlarge or alter the punishment then awarded.[2]

*Proceedings quashed.*

Subsequently the prisoner was brought into court by *habeas corpus* and discharged.

---

[1] See *Dick, ex parte,* 14 Pick. 90 *and note ; Seymour, ex parte,* Ibid. 40, *White, ex parte,* Ibid. 90 ; *Commonwealth* v. *Evans,* 16 Pick. 448 ; *Commonwealth* v. *Tuck,* 20 Pick. 356 ; *Commonwealth* v. *Hope,* 22 Pick. 1.

[2] See Rev. Stat. Act of Amendment, 809, *et seq.* §§ 17, 20, 21, 22 ; *St.* 1843, *c.* 80 ; *Wilde* v. *Commonwealth,* 2 Metc. 408 ; *Plumbly* v. *Commonwealth,* 2 Metc. 413 ; *Stevens, ex parte,* 14 Pick. 94 ; *Commonwealth* v. *Mott,* 21 Pick. 492.