STATE OF IOWA, Appellee, v. C. W. WILSON, Appellant.

CONSTITUTIONAL LAW: Ex-Post-Facto Laws—Changing Venue After Commission of Crime. A statute enacted subsequent to the commission of an offense, and authorizing trial in a county in which trial was not authorized *when the offense was committed,* is not *ex post facto.* So held where the offense was an escape from the penitentiary.

*Appeal from Lee District Court.*—W. S. HAMILTON, Judge.

MARCH 7, 1922.

TRIAL on indictment for the crime of escape from the penitentiary. Defendant was found guilty and sentenced to the penitentiary for an indeterminate period not to exceed five years and not concurring with his former sentence. Defendant appeals.—*Affirmed.*

*J. M. C. Hamilton,* for appellant.

*Ben J. Gibson,* Attorney General, *G. L. Norman,* County Attorney, and *R. N. Johnson,* Deputy County Attorney, for appellee.

DE GRAFF, J.—On April 12, 1921 the grand jury of Lee

County, Iowa returned an indictment against the defendant charging him with the crime of escape from the penitentiary. The state penitentiary of Iowa is located at Fort Madison, Lee County, Iowa. The defendant was an inmate of said institution but at the time of his escape was working under the custody and control of a deputy warden at the state farm at Knoxville, Marion County, Iowa. The facts are not in dispute and but one question is presented on this appeal. Did the district court of Lee County have jurisdiction to try the defendant?

Section 4897-a Supplement of the Code 1913 provides that:

"If any person * * * escape from or leave without due authority any building, camp, farm, garden, city, town, road, street, or any place whatsoever in which he is placed or to which he is directed to go or in which he is allowed to be by the warden or any officer or employee of the prison whether inside or outside of the prison walls, he shall be deemed guilty of an escape."

This section defines a crime known as escape from the penitentiary, and in the absence of statutory provision defining venue a person would be indictable and triable in the county from which he made his escape.

The escape as charged in the instant indictment was on the 21st day of May 1919. Subsequent to the date of the escape as charged, but prior to the indictment and trial of the defendant, the legislature of Iowa enacted Chapter 83 Acts of the Thirty-eighth General Assembly amending Section 4897-a Supplement of the Code as follows:

"The jurisdiction of an indictment for the crime of escape * * * is in the county in which is located the penitentiary or reformatory to which the person charged with such escape has been committed, or in the county in which is located the building, camp, farm, garden, city, town, road, street, or any place in which he is placed or to which he is directed to go or in which he is allowed to be by the warden or any officer or employee of the prison, wherefrom he is charged with escaping."

This act was approved March 20, 1919 and became law July 4, 1919.

It is the contention of appellant that the defendant could not be put on trial in Lee County under the new statute, because

the law defining venue not being in effect at the time of the commission of the crime charged, is *ex post facto*.

It therefore becomes necessary to briefly examine the nature of an ex-post-facto law. Does it, in any of its definitions, involve a change in the place of trial of an alleged offense after the commission of said offense? Chief Justice John Marshall in *Fletcher v. Peck*, 6 Cranch. (U. S.) 87, 138, defined *ex post facto* to be a law "which renders an act punishable in a manner in which it was not punishable when it was committed."

In *Cummings v. State of Missouri*, 4 Wall. (U. S.) 277, 326, it is defined as a law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed; or changes the rules of evidence by which less or different testimony is sufficient to convict than was then required."

See also *State v. Squires*, 26 Iowa 340.

Does a change of the place of trial under the circumstances of this case affect a substantial right of the party accused? Clearly it does not increase the prescribed punishment or make the act an offense which was not an offense prior to its enactment; nor does it affect the quantum or nature of the evidence required for a conviction. In brief it does not work any disadvantage to the accused, operate upon the past, or deprive him of any vested right or right of defense.

It is within the province of the legislature to create jurisdiction for the trial of persons accused of crimes and consequently the creation of a separate or new jurisdiction to try an offense in no sense violates the provision of the Constitution prohibiting the enactment of an ex-post-facto law. Constitution of Iowa, Article 1, Section 21; United States Constitution, Article I, Section 10. As bearing upon this proposition see *Commonwealth v. Phillips*, 28 Mass. 28; *Gut v. State*, 76 U. S. 35; *Kring v. Missouri*, 107 U. S. 221; *Locke v. New Orleans*, 71 U. S. 172; *Cook v. United States*, 138 U. S. 157.

No error was committed by the trial court in overruling the demurrer to the indictment or in overruling defendant's motion in arrest of judgment.—*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.