## Commonwealth v. Stefanco

Before Aponick, P. J., Pinola and Brominski, JJ.

*William A. Degillio*, for plaintiff.

*Albert H. Aston*, District Attorney, and *John Dempsey, Jr.*, Assistant District Attorney, for Commonwealth.

BROMINSKI, J., May 14, 1959.—Defendant, Michael Stefanco, Sr., is charged with unlawfully making a

false statement as to the age of his son, Michael Stefanco, on the son's application for a learner's permit on form provided by the Department of Revenue in violation of the provision of section 620 (*j*) of The Vehicle Code of May 1, 1929, P. L. 905, as amended.

The matter comes before the court on a "Motion to quash Proceeding" and defendant attempts to establish, by briefs and oral argument, that the information should be quashed for the following reasons:

1. The first reason relied upon by defendant is that the information was signed and sworn to by an officer without setting forth that it is based on information received by complainant and fails to state his belief in the truth of that information. It is true that where an information charging a summary offense under The Vehicle Code of May 1, 1929, P. L. 905, is based upon information received by complainant from others, it must aver that complainant believes the information to be true, and if it fails to do so, proceedings based upon such an information must be quashed: Commonwealth v. Hochenberry, 72 D. & C. 274. There is nothing on the record in this case, however, to show that the information was received by complainant from others. The objection of defendant is therefore premature. If upon hearing in open court the evidence showed that the complaint was made upon information received by the informant and not from personal knowledge, it is the court's present impression that a motion to quash on this ground presented at that time should be sustained, but this the court is not called upon at this time to decide. The motion to quash cannot be granted on this ground.

2. The second ground relied upon by defendant is that The Vehicle Code does not require that the parent of the applicant for an operator's license or learner's permit should certify to the age of the applicant. The court finds that the objection is without merit. Section

620 (*j*) of The Vehicle Code, 75 PS §231, provides as follows:

"It shall be unlawful for any person to commit any of the following acts: . . .

"(j) To use a false or fictitious name, or give a false or fictitious address, in any application or form required under the provisions of this act, or make a false statement, or conceal a material fact, or otherwise commit a fraud in any application."

Section 606(*b*) of The Vehicle Code, 75 PS §166, requires that an application for a learner's permit for a person less than 18 and more than 16 years of age be accompanied by a written consent of a parent under oath or affirmation of such parent. The parent is not obliged to certify to the age of the applicant under this or any other section of The Vehicle Code. The granting of a license to operate a motor vehicle in this Commonwealth is a privilege in which the safety and welfare of the licensee and other members of the public must be considered. Minimum age requirements set up for obtaining a license are obviously related to the safety and welfare of the applicant and the public. In this case defendant is charged with making a misstatement of fact as to the age of his son, the applicant for a learner's permit. If defendant knowingly made such a misstatement, as charged, he did it with the intent of fraudulently inducing the Department of Revenue to grant a permit to his son whom he knew to be under the minimum age prescribed by the statute for the granting of such a permit. Whether or not the statute required him to supply the particular information is not relevant. The motion to quash cannot be granted on this ground.

3. The third ground relied upon by defendant is, in effect, that this court lacks jurisdiction. Although the jurisdiction was originally in the Court of Dauphin County (Commonwealth v. O'Donnell, 86 D. & C. 365),

the legislature by the Act of July 3, 1957, P. L. 470, 75 PS §731, conferred jurisdiction upon our court. This it had a right to do.

In State v. Wilson, 193 Iowa 297, 186 N. W. 886, a convict escaped from custody of a deputy warden while at a State farm in another county. The court held that he could be tried in the county where the penitentiary was located under an act conferring jurisdiction on such county, notwithstanding the amendment was passed after the escape. The court declared on page 299:

"It is within the province of the legislature to create jurisdiction for the trial of persons accused of crimes and consequently the creation of a separate or new jurisdiction to try an offense in no sense violates the provision of the Constitution prohibiting the enactment of an ex-post-facto law."

Changing the place of trial, the court said, "does not work any disadvantage to the accused, operate upon the past, or deprive him of any vested right or right of defense."

4. Although we have jurisdiction, it is the opinion of the court that the transcript and proceedings should be quashed because the violation is not of Section 620 (j), but of Section 606 of The Vehicle Code which provides statutory penalties for violations of its specific provisions.

Where there is a conflict between two provisions of a statute, one of which is specific and the other merely general, the specific provision will control unless it is clear that the legislature intended otherwise, or some other canon of statutory construction compels a contrary conclusion: Waits' Estate, 336 Pa. 151, 154.

And in Kolb v. Reformed Episcopal Church of the Reconciliation, 18 Pa. Superior Ct. 477, the court declared, page 481:

" 'Where there are in an act specific provisions relating to a particular subject, they must govern in respect of that subject, as against general provisions in other parts of the statute, although the latter standing alone would be broad enough to include the subject to which the particular provisions relate.' "

We cannot, as suggested by the district attorney in these proceedings, fine defendant for violation of another section of the code. If defendant has been indicted under the wrong section of The Vehicle Code, the court is without authority to correct the defect.

*Decree*

For the reasons given in the foregoing opinion, the motion of defendant is granted, and the transcript and proceedings are quashed. Costs of the proceedings to be paid by Luzerne County.