## STATE EX REL. FLOYD LUTZ v. DOUGLAS C. RIGG.

98 N. W. (2d) 243.

July 17, 1959—No. 37,708.

*Floyd Lutz,* pro se, for appellant.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, warden of Minnesota State Prison.

NELSON, JUSTICE.

The relator sought a writ of habeas corpus directed to the warden of the Minnesota State Prison, alleging that he was unlawfully imprisoned therein. The district court denied his petition and he now appeals to this court.

It appears that the relator is confined in the Minnesota State Prison pursuant to a valid sentence for a term of not less than 15 nor more than 20 years and that he is being held pursuant to a warrant of commitment issued December 4, 1933. The crime for which he was sentenced was that of rape. The Minnesota State Board of Parole in 1940 granted him a parole. Relator violated the conditions of his parole by leaving the state and by the commission of another rape in the State of Texas.

On or about August 27, 1947, the district attorney of Tarrant County, Fort Worth, Texas, notified the Minnesota State Board of Parole by telegram saying: "We have your man Lutz here in jail at Fort Worth, Texas, and you can have him upon your arrival here." The said district attorney was then notified by the said State Board of Parole that they had made three trips to Texas for this man called Robert Leonard, but better known here as Fred Lutz. The board stated: "We could not have him then as you wanted him so bad. You have him now, keep him as we don't want him." Relator was sentenced for the crime of rape at Fort Worth, Texas, in February 1948 to 10 years' confinement in the Texas penitentiary. On January 9, 1954, relator was taken into custody by an officer of the Minnesota State Board of Parole and returned to and confined in the state prison at Stillwater. Relator now asserts that the State of Minnesota relinquished all its original jurisdiction over him when they notified the Texas authorities that "You have him now, keep him as we don't want him" and failed to return him to Minnesota after being notified by the district attorney's office in Fort Worth, Texas, that he was being held in custody in that city.

Relator's petition presents the following questions for decision: (1) Did the Minnesota State Board of Parole lose its jurisdiction over relator? (2) Is the relator now being wrongfully confined in the Minnesota State Prison?

Certain sections of the Minnesota statutes set forth the authority of the parole board. M. S. A. 637.01 reads as follows:

"When any person is convicted of any felony or crime committed after the passage of sections 637.01 to 637.13, punishable by imprisonment in the state prison or the state reformatory, except treason

or murder in the first or second degree, as defined by law, the court in imposing sentence shall not fix a definite term of imprisonment, but may fix in the sentence the maximum term of such imprisonment, and shall sentence every such person to the state reformatory or to the state prison, as the case may require, and the person sentenced shall be subject to release on parole and to final discharge by the board of parole and probation as hereinafter provided * * *."

Section 637.06 reads in part as follows:

"* * * Upon being paroled and released, such convicts shall be and remain in the legal custody and under the control of the state board of parole and probation, subject at any time to be returned to the state prison, the state reformatory, or the state reformatory for women and the parole rescinded by such board, when the legal custody of such convict shall revert to the warden or superintendent of the institution. The written order of the board of parole and probation, certified by the chairman of the board, shall be sufficient to any peace officer or state parole and probation agent to retake and place in actual custody any person on parole or probation to the state board of parole and probation, but any probation or parole agent may, without order of warrant, when it appears to him necessary in order to prevent escape or enforce discipline, take and detain a parolee or probationer to the state board of parole and probation and bring such person before the board of parole and probation for its action. * * *"

Section 637.08 reads as follows:

"It shall be the duty of the state board of parole and probation to keep in communication, as far as possible, with all prisoners who are on parole and also with their employers, and when any person upon parole has kept the conditions thereof in such manner and for such period of time as shall satisfy the board that he is reliable and trustworthy, and that he will remain at liberty without violating the law, and that his final release is not incompatible with the welfare of society, then the board shall have power in its discretion to grant to such prisoner a final discharge from confinement under any such sentence, and thereupon the board shall issue to such prisoner a certificate of such final discharge, * * *."

Clearly the aforesaid statutes indicate that the only manner in which the State Board of Parole may relinquish its supervision of the prisoner is to issue a final discharge pursuant to the provisions of § 637.08. Until that occurs the prisoner is within the control of the State Board of Parole and that board is without authority to either permanently or temporarily release the prisoner by any other method or waiver on its part.

This court has held that where a prisoner who has been convicted of a felony and placed on probation violates the terms of his probation by leaving the state, he is in no position to subsequently take advantage of his own wrong in being outside of the state so as to make the claim that he was illegally apprehended and wrongfully imprisoned. State ex rel. Naus v. Rigg, 250 Minn. 365, 84 N. W. (2d) 698, certiorari denied, 355 U. S. 884, 78 S. Ct. 153, 2 L. ed. (2d) 114.

The granting of parole in this state does not wipe out the judgment of conviction, but merely suspends its operation by remitting for the time being the confinement until the end of the term or until a final discharge is granted, and prior to the occurrence of these events, the prisoner is subject, for breach of condition, to be taken into custody and undergo actual imprisonment as though the parole had not been granted.[1] Though the relator left the State of Minnesota in 1940 in violation of his parole and later served a prison term in Texas, he nevertheless remained in the legal custody of the Minnesota State Board of Parole pursuant to detainer and § 637.06, and the language "You have him now, keep him as we don't want him" did not in any manner constitute a final discharge of relator under the provisions of § 637.08. There is no delegation of power to the State Board of Parole whereby it may grant temporary discharges.[2]

The trial court correctly held that the effect of the parole granted to relator in the year 1940 was limited in its effect to suspending the running of the sentence until the prisoner might be returned to physical custody or finally discharged. This appears to be the majority rule among the states. 39 Am. Jur., Pardon, Reprieve and Amnesty, § 94.

---

[1]See, 39 Am. Jur., Pardon, Reprieve and Amnesty, § 85.

[2]State ex rel. Bush v. Whittier, 226 Minn. 356, 32 N. W. (2d) 856.

While the precise date of the relator's parole in the year 1940 does not appear in the record before us, it is nevertheless clear that because of relator's violation of the terms of his parole and his incarceration in a Texas penal institution in the interim the running of the sentence was tolled for a substantial period and until January 1954, and that consequently the sentence is still in legal force and effect. See, United States v. Farrell (8 Cir.) 87 F. (2d) 957.

■   Does relator's petition, therefore, meet the statutory requirements by alleging facts showing unlawful imprisonment so as to entitle him to a writ of habeas corpus? M. S. A. 589.04 specifies the things that must be shown by the relator's petition. Paragraph (5) thereof is to the effect that if the imprisonment is alleged to be illegal the petition must state in what the illegality consists, a requirement which the petition herein fails to comply with, rendering it wholly deficient in regard to a prima facie showing. State ex rel. Adams v. Jackson, 254 Minn. 164, 94 N. W. (2d) 285.

Section 589.14 applies when a writ of habeas corpus has been issued and provides that the prisoner shall be remanded if it appears that the time during which such person may be legally detained has not expired (paragraph [4]). It also applies (paragraph [2]) where a prisoner is detained by virtue of a final judgment of a competent court of criminal jurisdiction. It is well established that the writ will issue only upon a prima facie showing of illegal imprisonment; that a writ will not issue where the prisoner is imprisoned under lawful authority.

The trial court held the petition herein to be without merit, and in all respects denied the same. We concur in the conclusion of the trial court.

Affirmed.