STATE EX REL. CHARLES H. LAMPI v. RALPH H. TAHASH.

112 N. W. (2d) 357.

December 1, 1961—No. 38,395.

*Charles H. Lampi,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, acting warden of the State Prison.

KNUTSON, JUSTICE.

This is an appeal from an order denying relator's petition for a writ of habeas corpus.

The facts upon which petitioner bases his right to a release from custody of the acting warden of our State Penitentiary may be briefly stated.

Petitioner was conditionally released from the Federal Penitentiary at Terre Haute, Indiana, on July 5, 1954. He came to Minnesota and, on August 9, 1954, was charged with having committed the crime of

grand larceny in the first degree. He was convicted on his plea of guilty and sentenced to an indeterminate term not exceeding 10 years. On September 23 of that year he was committed to the State Reformatory at St. Cloud and later transferred to the State Penitentiary. On September 11, 1957, he was granted a conditional parole pursuant to a parole agreement which he signed. Among other things, this parole agreement contains the following provision:

"* * * Upon being paroled and released he shall be and remain in the legal custody and under the control of the State Board of Parole and Probation, subject to the rules, regulations, and conditions of this parole as set forth on the reverse side of this agreement."

The agreement then provides that the parolee will report to his parole agent; that he will abide by the rules and regulations of the State Board of Parole and Probation; and that he understands that he is to remain on parole until the expiration of his sentence unless the board deems it advisable to discharge him at an earlier date.

As a result of his conviction in Minnesota, petitioner's Federal parole was revoked and he was taken to the Federal Penitentiary at Leavenworth to complete his Federal sentence. He was released from that penitentiary on March 1, 1958, and returned to Minnesota. Upon his return here, he was informed by the State Board of Parole that he was required to obey the rules and regulations governing the parole granted him in 1957. He thereafter was contacted by his parole agent at periodic intervals. On July 23, 1958, he was arrested in St. Paul and sentenced on July 26 to a term in the workhouse for the commission of a misdemeanor. As a result of this conviction the parole granted him from the felony sentence was revoked and he was returned to the penitentiary where he has since remained.

In considering this case we have disregarded all technical deficiencies in the petition for the writ of habeas corpus and have examined the entire file and the files of the State Board of Parole in order to ascertain the actual facts. Petitioner's only claim here is that when Minnesota released him to the Federal authorities it lost all jurisdiction over him and could not thereafter require him to complete service of the sentence imposed in August 1954.

Pertinent statutory provisions are Minn. St. 637.01, 637.06, and 637.08. Section 637.01 reads in part:

"When any person is convicted of any felony or crime * * * punishable by imprisonment * * * the person sentenced shall be subject to release on parole and to final discharge by the board of parole and probation * * *."

Section 637.06 reads in part:

"The state board of parole and probation may parole any person sentenced to confinement in the state prison * * *. Upon being paroled and released, such convicts shall be and remain in the legal custody and under the control of the state board of parole and probation, subject at any time to be returned to the state prison * * * and the parole rescinded by such board, when the legal custody of such convict shall revert to the warden or superintendent of the institution."

Section 637.08 reads in part:

"* * * when any person upon parole has kept the conditions thereof in such manner and for such period of time as shall satisfy the board that he is reliable and trustworthy, and that he will remain at liberty without violating the law, and that his final release is not incompatible with the welfare of society, then the board shall have power in its discretion to grant to such prisoner a final discharge from confinement under any such sentence, * * *."

The state loses jurisdiction over a parolee under these statutory provisions only upon a final discharge by the State Board of Parole and Probation.[1]

By granting parole to a prisoner the state does not relinquish jurisdiction over him but may temporarily waive its right to custody in order that another sovereign may exercise its jurisdiction over him.

In Ponzi v. Fessenden, 258 U. S. 254, 42 S. Ct. 309, 66 L. ed. 607, a Federal prisoner was brought by a Federal agent into a state court for trial. The prisoner sought release on habeas corpus alleging that the state could not try him while he was a Federal prisoner. In re-

---

[1] State ex rel. Lutz v. Rigg, 256 Minn. 241, 98 N. W. (2d) 243.

jecting this claim, the United States Supreme Court said (258 U. S. 260, 42 S. Ct. 310, 66 L. ed. 611):

"* * * He may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it. * * * Such a waiver is a matter that addresses itself solely to the discretion of the sovereignty making it and of its representatives with power to grant it."[2]

In State ex rel. Bush v. Whittier, 226 Minn. 356, 32 N. W. (2d) 856, our State Board of Parole released a parolee during the term of his service in the United States Army. In holding that the release of supervision while in the Army was not a final discharge we said (226 Minn. 361, 32 N. W. [2d] 859):

"* * * This [the release of supervision while in the Army] could not be construed as a final discharge any more than could a release to the custody of an employer or permission extended to leave the confines of the state for specified work be so construed. The language used indicates merely that for a specified period of time the board agreed not to exercise the control which at all times it possessed and retained. It is likewise clear that upon the termination of the period for which such control was relinquished the board reserved the right to reassert its power of custody over relator."[3]

It is clear that here, by relinquishing temporarily custody over petitioner to the United States for the enforcement of its sentence, the State of Minnesota did not surrender jurisdiction over him and that upon his return to this state it had full right to require petitioner to complete his sentence and, as an incident thereto, to abide by the rules and regulations of the State Board of Parole and Probation as long as his sentence remained. Upon a violation of those rules by the com-

---

[2]See, also, United States ex rel. Lombardo v. McDonnell (7 Cir.) 153 F. (2d) 919; Rosenthal v. Hunter (10 Cir.) 164 F. (2d) 949; United States ex rel. Pavloc v. Chairman of Board of Parole (W. D. Pa.) 81 F. Supp. 592.

[3]See, also, In re Illova, 351 Mich. 204, 88 N. W. (2d) 589; Hostetler v. Hudspeth, 163 Kan. 647, 184 P. (2d) 994.

mission of another crime, the state had full power to revoke the parole and require the parolee to be remanded to the custody of the warden of the State Prison. It follows that there is no merit in the petition for a writ of habeas corpus and that the trial court correctly held that such petition should be denied.

Affirmed.