**LeRoy Francis NACE, Jr., Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Civ. No. 5-64-25.

United States District Court
D. Minnesota,
Fifth Division.

March 14, 1964.

DONOVAN, District Judge.

A motion has been made by petitioner pursuant to Title 28 United States Code Annotated § 2255, for an "arrest of judgment." Petitioner entered a plea of guilty on October 4, 1963, to an indictment charging him with the crime of escape from federal custody.

Petitioner claims that the conviction is invalid for the following reasons:

(a) The indictment was so vague that petitioner was unable to know the

charge against him or prepare a defense;

(b) The indictment was based upon false evidence because the facts show that petitioner did not escape from custody.

 At the arraignment, petitioner was granted legal counsel. Able and experienced counsel assisted and advised with petitioner in this matter. There was no question raised at that time concerning the vagueness of the indictment or the offense charged. Petitioner freely entered his plea after consultation with counsel. The indictment was not too vague to enter a plea.

Petitioner also claims that he was not in custody at the time of the alleged escape from the Federal Pre-Release Guidance Center at Los Angeles, California. This institution is not the usual type of prison but still is under the administration of the Attorney General of the United States. The inmates of this institution are accorded wide freedom and security measures are minimal. When petitioner escaped, there were no guards watching him. He was allowed to leave, unattended, to report to a position at a private concern. He failed to return to the center at the prescribed time. Petitioner was still in the custody of the Attorney General, however. A person may be in custody even though he is not under constant watch by guards.[1] In spite of a lack of close supervision, petitioner was committed to the custody of the officer in charge of the center and that officer had not abandoned him. He left the center with the intent to escape that custody.

Petitioner was sentenced April 3, 1958. He escaped on April 19, 1963. He claims that his sentence was for 5 years. The escape occurred 5 years and some 16 days after sentencing. Petitioner claims that his term had expired and that he was entitled to leave. The record indicates that in 1960 defendant had been placed on parole. He violated parole and was convicted of a misdemeanor at Los Angeles and was sentenced to a term in the County jail. The time during which petitioner was a parole violator and before return to federal custody does not count toward the sentence imposed April 3, 1958. The date of release was therefore put back and petitioner was properly in the custody of the officer at the institution at the time he escaped.[2]

The petition to file this motion in forma pauperis is granted insofar as the motion may be filed without payment of any fee. Otherwise, said motion is denied.

It is so ordered.

Petitioner is allowed an exception.

---

1. Tucker v. United States, 9 Cir., 251 F. 2d 794; Giles v. United States, 9 Cir., 157 F.2d 588.

2. McDonald v. Humphrey, 8 Cir., 168 F. 2d 519.