Gerald Leroy **READ**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

Richard Leroy **WOLD**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

**Nos. 8480, 8481.**

United States Court of Appeals
Tenth Circuit.

June 13, 1966.

William V. Crank, Wichita, Kan., for appellants.

John W. Raley, Jr., Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

Appellants were tried and convicted by a jury of escape from custody, 18 U.S.C. § 751, and have appealed. The pivotal issue is whether or not they were in "custody" within the meaning of that term under the statute.

The facts are not in dispute. Appellants were prisoners in the federal reformatory at El Reno, Oklahoma. On March 20, 1965, they were taken, together with seventeen other inmates, to Oklahoma City for participation in a speech contest. They were escorted by four employees of the reformatory who were unarmed. The speech contest was held in a cafeteria and the appellants were allowed to move about freely in the room. Restrooms were located outside the room where the contest was being held and the appellants were allowed to visit the restroom without accompaniment of the reformatory employees. Down the hall from the restrooms was a door which was not guarded. At a recess from the contest, the appellants departed through this door and did not return. According to the reformatory employees, they were told they could visit the restrooms but not to leave the building. The employees said they made periodic checks of the inmates throughout the program and that one of the employees was stationed in the bus at the front of the building to observe the door.

■■ It is true here the prisoners were accorded wide latitude of movement. Security measures were relaxed to enable the prisoners to participate in the activities. Nevertheless, the appellants were committed to the custody of the reformatory employees who never abandoned them. One employee was in the bus at the front of the building to watch there and the other three were in the building with the prisoners making periodic checks. The prisoners, including both appellants, were only instructed that they might visit the restrooms but not to leave the building. A person may still be in custody even though not under constant supervision by guards, so long as some restraint remains upon complete freedom. See Tucker v. United States, 9 Cir., 251 F.2d 794; Giles v. United States, 9 Cir., 157 F.2d 588; Nace v. United States, D.C., 231 F.Supp. 528, 529, aff'd per curiam, 8 Cir., 334 F.2d 235; 30A, C.J.S., Escape, § 5. From the facts adduced at the trial the reformatory employees accompanying the group did not at any time abandon custody of appellants or any of the other members of the group. It is therefore clear that Read and Wold were in custody at the time of their escape.

■ Appellants also complain that the court erred in denying defense counsel's objections to the prosecutor's use of the term "custody" during the course of the

trial. We fail to see how this prejudiced the jury, particularly in light of the fact that in the final analysis it was for them to determine, based upon appropriate instructions, if in fact the appellants were in custody. There is no merit to this contention.

Affirmed.