STATE OF IOWA, appellee, v. JAMES JOHN BYRNES, appellant.

No. 52141.

(Reported in 150 N.W.2d 280)

May 2, 1967.

Napier & Napier, of Fort Madison, for appellant.

Richard C. Turner, Attorney General, Stephen Robinson, Assistant Attorney General, and Thomas E. Tucker, County Attorney, for appellee.

MOORE, J.—On September 13, 1965, the grand jury of Lee County returned an indictment against defendant, James John Byrnes, charging him with escape from the state penitentiary at Fort Madison, Iowa, by leaving the state while on parole in violation of sections 745.1 and 745.3, Code 1962. On trial defendant was found guilty and thereafter sentenced to the penitentiary for an indeterminate period not to exceed five years and not concurring with his former sentence. Defendant has appealed.

The facts are not in dispute. Defendant was sentenced in the Linn County District Court to the penitentiary on September 30, 1960, for a term not to exceed ten years. With good time he would have served his sentence in four years, eight months and twenty-nine days.

May 25, 1964, defendant was released on parole. Prior to leaving the penitentiary he entered into a parole agreement with the Iowa Board of Parole wherein he agreed to certain terms and conditions of his parole, and acknowledged in writing he was aware he would be prosecuted if he left the territory to which he

was restricted by the terms of his parole. He had been given extensive pre-parole instructions.

The terms of his parole restricted defendant to Polk County where he was to report regularly to his assigned parole agent. Without permission of any kind defendant left Polk County and on April 5, 1965, was taken into custody in Venita, Oklahoma, by a parole agent and returned to the penitentiary.

Defendant at all times was represented by an attorney appointed by the trial court. Defendant, however, took an active part in making a motion and statements relative thereto. The attorney was to some extent hindered in making a record in the trial court. Defendant personally prepared and gave notice of appeal. His trial attorney prepared the abstract of record which together with the clerk's transcript fully discloses all events leading to this appeal.

Defendant prepared and filed appellant's brief and argument. The record does not disclose the reason this was done. His originally appointed attorney did not serve thereafter. At our instance his present counsel was appointed. He ably argued and presented defendant's appeal to this court.

■ Some of defendant's contentions were not raised in the lower court and could summarily be disposed of on that proposition. Because of section 793.18, Code 1962, 1966, we have, however, carefully read the entire record to determine whether defendant received a fair trial. As a matter of grace we will consider all propositions pointed out on this appeal notwithstanding some were not raised in the trial court. State v. Myers, 257 Iowa 857, 860, 861, 135 N.W.2d 73, 75, and citations.

■ I. Appellant contends section 745.4, Code 1962, 1966, which confers jurisdiction for the crime of escape on the county in which is located the institution to which the accused had been committed as well as the county to which he has been permitted to go, violates the Iowa Constitution "which states that the violation should be prosecuted in the district where it occurs."

The Sixth Amendment to the Constitution of the United States provides "the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and *district wherein the crime shall have been committed*". (Emphasis

added.) Section 10, Article I, of the Constitution of Iowa does not contain any language similar to that italicized, consequently defendant must have intended reference to the Federal Constitution.

Although we have approved the statute, State v. Wilson, 193 Iowa 297, 298, 299, 186 N.W. 886, 887; State v. Johnson, 212 Iowa 1197, 1200, 237 N.W. 522, 523, we have not had occasion to examine it with this particular constitutional challenge in mind. Michigan has been confronted with the exact problem.

In People v. Lee, 334 Mich. 217, 224, 225, 54 N.W.2d 305, 308, the court states:

" 'By the provisions of the Federal Constitution, criminal trials must take place in the state and district wherein the crime was committed, but it was long ago determined that these provisions apply only to prosecutions in Federal Courts.' 14 Am. Jur., pages 929–930, citing Burton v. United States, 202 U. S. 344, and other cases.

"See also Nashville, C. & St. L. Ry. Co. v. State of Alabama, 128 U. S. 96, 9 S. Ct. 28, 32 L. Ed. 352, cited in 24 Federal Digest Criminal Law, 107.

" 'In the absence of any limitation by constitutional provision, it seems to be generally recognized that the power of a state legislature to fix the venue of criminal prosecutions in a county or district other than that in which the crime was committed is unrestricted.' 76 A. L. R. 1035."

People v. Hall, 375 Mich. 187, 190, 191, 134 N.W.2d 173, 175, 176, is directly in point. The court said:

"Defendant claims that the statute fixing venue in a county other than that in which the alleged offense occurred, is unconstitutional. The claim is without merit. The point was decided in People v. Richards, 247 Mich. 608, 226 N.W. 651. In that case the defendant was committed to the Jackson prison in Jackson county. He was transferred to a road camp in Clinton county, from which he escaped. He was prosecuted in Jackson county under the same act under consideration, as it read in 1928. It authorized prosecution of an escapee in the county where the administrative offices of the prison may be, irrespective of where the escape took place.

"Mr. Justice Wiest, writing for affirmance of the conviction, while recognizing the basic right of an accused to be tried in the jurisdiction where the crime is allegedly committed, held that the statute, fixing venue for trial of an escapee in a county other than that of commission of that crime is not unconstitutional."

The United States Supreme Court has not, to our knowledge, at this time made this clause of the Sixth Amendment applicable to state trials. We therefore approve of and adopt the language of the Michigan court. It expresses the established general rule that the above italicized constitutional provision applies only to prosecutions in federal courts. See 21 Am. Jur.2d, Criminal Law, section 400, and 22 C. J. S., Criminal Law, section 182(1).

In 22 C. J. S., Criminal Law, section 176, page 434, states: "Where the constitution contains no provision requiring accused to be tried in the county of the commission of the crime, the legislature may fix or may allow the venue in any other county."

II. Defendant argues the time spent in his parole status must be applied upon the sentence against him. It is doubtful this was a proper question for the trial court or for this court on appeal. Assuming defendant would be allowed good time on his original sentence, it would have expired before he was tried on November 29, 1965, on the charge here involved. We therefore consider the question particularly in view of the fact his sentence for escape starts only upon completion of his original sentence.

The rule is now well established that a parole operates as a suspension of the convict's sentence during the liberty granted, so that on a violation of its terms the convict may be compelled to serve the full portion of his term which was unexpired when the parole was granted. This conclusion is reached in some jurisdictions by the terms of statutes or by the terms of the parole. Arthur v. Craig, 48 Iowa 264, 30 Am. Rep. 395; Kirkpatrick v. Hollowell, 197 Iowa 927, 932, 933, 196 N.W. 91, 93; Lint v. Bennett, 251 Iowa 1193, 104 N.W.2d 564; State v. Rigg, 256 Minn. 241, 98 N.W.2d 243; Furlow v. Tinsley, 151 Colo. 280, 377 P.2d 132; Anderson v. Corall, 263 U. S. 193, 44 S. Ct. 43, 68 L. Ed. 247; Hodge v. Markley, 7 Cir., 339 F.2d 973; Weathers v. Willingham, 10 Cir., 356 F.2d 421; United States v. Myers, 251 F. Supp. 773 (E. D. Pa. 1966); Nace v. United

States, 231 F. Supp. 528 (Minn. 1964). See also 39 Am. Jur., Pardon, Reprieve and Amnesty, section 93; Annotation, 28 A. L. R. 947.

Our Code section 247.12 provides: "Parole time not counted. The time when a prisoner is on parole or absent from the institution shall not be held to apply upon the sentence against the parolee if the parole be violated." 18 U. S. C. A., section 4205, makes a like provision.

■ Defendant's contention he was entitled to credit on his original sentence for time which he spent on parole is untenable.

■ III. Defendant asserts the parole agreement he signed was a contract for involuntary servitude. He cites no authority beyond his assertion the agreement calls for waiver of certain rights which are incapable of waiver.

Code section 247.5 grants power to parole to the board of parole, except in certain cases not applicable here. Section 247.6 gives the board of parole the power to enforce the rules and conditions under which paroles may be granted.

Kirkpatrick v. Hollowell, supra, a habeas corpus case, is almost on all fours with the case at bar. Many of the same legal propositions are raised in each case. At page 931, 197 Iowa, page 92, 196 N.W., we say: "A parole has sometimes been referred to as a conditional pardon. It is not an absolute right, to which a prisoner is entitled. It is an act of grace, somewhat analogous to a pardon, but granted by the state through the instrumentality of an administrative board. It is a means afforded the prisoner, under certain restrictions and regulations, to leave a penal institution before the completion of his term. When he accepts such a parole, he takes it subject to the condition that it may be revoked and he may be returned to the institution to serve the remaining portion of his sentence. By the very terms of the statute, if he violates the terms of his parole, he loses all of the time that he has been released on parole, and must serve the full term of imprisonment provided by the statute, unless subsequently paroled or pardoned."

In response to a contention such as now made by defendant we say in Curtis v. Bennett, 256 Iowa 1164, 1168, 1169, 131 N.W.2d 1, 4: "When the board grants a prisoner a parole, it

does so as a matter of grace and not as a duty. It has the right to impose such conditions as it feels proper and, when the prisoner accepts the parole, he does so subject to its terms and conditions. He cannot later in a judicial hearing complain as to their fairness or propriety."

■ IV. Defendant also argues he was in custody of the parole board and not receiving credit against his sentence while on parole and therefore could not be guilty of the crime of escape. The statutes and our holding in State v. Rath, 258 Iowa 568, 139 N.W.2d 468, defeat this contention.

Section 247.9, Code 1962, 1966, in pertinent part, provides: "All paroled prisoners shall remain, while on parole, in the legal custody of the warden or superintendent and under the control of said board, and shall be subject, at any time, to be taken into custody and returned to the institution from which they were paroled."

Section 745.3, Code 1962, 1966, provides that: "If any person having been paroled from the state penitentiary or state reformatory as provided by law, shall thereafter depart without the written consent of the board of parole from the territory within which by the terms of said parole he is restricted, he shall be deemed to have escaped from the custody within the meaning of section 745.1 and shall be punished as therein provided."

Section 745.1, Code 1962, 1966, defines the crime of escape and provides the punishment therefor.

In State v. Rath, supra, 258 Iowa 568, 573, 139 N.W.2d 468, 471, we say: "Although placed on probation defendant was still constructively and in legal contemplation a prisoner of the State in legal custody and under control of the board of parole, not free from its legal restraint although otherwise at liberty. The legal incarceration imposed by the sentence on the breaking and entering conviction had been replaced with a conditional freedom under the board's control. The granting of a parole did not change his status as a prisoner."

We find no reversible error in this case. Upon the whole record, we feel defendant had a fair trial.—Affirmed.

All JUSTICES concur except THORNTON, J., not sitting.