# RICHARD L. CLEAVER v. STATE.

187 N. W. (2d) 700.

June 4, 1971—No. 42464.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Rolloff, JJ.

CLARENCE A. ROLLOFF, JUSTICE.*

Richard L. Cleaver, petitioner in the district court, appeals from an order denying postconviction relief.

The facts are not in dispute. Petitioner was convicted of aggravated forgery in Hennepin County District Court in May 1967. On May 26, 1967, he received a 5-year sentence and was committed to the State Prison at Stillwater. On June 27, 1967, the governor of Tennessee signed a requisition warrant informing the governor of this state that the petitioner was charged

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

with attempted armed robbery in Tennessee. The governor of Minnesota signed an extradition warrant on September 20, 1967, for the delivery of petitioner by the warden at Stillwater State Prison to Tennessee authorities. On December 14, 1967, the two governors entered into an executive agreement pursuant to Chapter 270, Public Acts of Tennessee of 1967, and Minn. St. 629.05. This agreement provided:

"IT IS HEREBY AGREED by the undersigned, Governor of the State of Tennessee, that in the event said RICHARD L. CLEAVER shall be acquitted following a trial in the courts of the State of Tennessee, or the prosecution in the State of Tennessee is terminated in any manner other than by the imposition and execution of a judgment and sentence of death, said RICHARD L. CLEAVER shall be returned to the State of Minnesota at the expense of the State of Tennessee, and that the Governor, or other acting executive authority of the State of Tennessee, shall upon demand of the executive authority of the State of Minnesota surrender said RICHARD L. CLEAVER to the duly authorized agents of the State of Minnesota."

Pursuant to the agreement, petitioner was delivered to Tennessee authorities. He pled guilty to the crime of attempted armed robbery and was sentenced on March 29, 1968, to imprisonment for not less than 1 year nor more than 2 years. He began to serve this sentence in the State of Tennessee before being returned to the State Prison at Stillwater on May 15, 1968. Petitioner now claims that the State of Minnesota lost jurisdiction over his person because of a breach of the executive agreement between this state and Tennessee and therefore the agreement is void and his confinement in the State Prison is illegal and unconstitutional.

The terms of the executive agreement are clear and unequivocal. The agreement provides that the petitioner shall be returned "upon demand of the executive authority of the State of Minnesota." Under this agreement Tennessee was authorized to hold petitioner until his return was demanded by the State of Minne-

sota. He was returned 5 weeks after his conviction in Tennessee pursuant to the executive agreement. At the postconviction hearing, petitioner offered no evidence that a demand had been made on the governor of Tennessee for petitioner's return. No breach could occur unless and until the governor of Tennessee refused to surrender him to the duly authorized agents of the State of Minnesota.

Petitioner cites no cases in support of his position. However, the case of State ex rel. Lampi v. Tahash, 261 Minn. 310, 313, 112 N. W. (2d) 357, 359, is an analogous case although it was not decided under the extradition statute. The relator in that case was conditionally released from the Federal Penitentiary at Terre Haute, Indiana, on July 5, 1954. He came to Minnesota and on August 9, 1954, was charged with having committed grand larceny in the first degree in this state. He was convicted on his plea of guilty and sentenced to an indeterminate term, being committed to the State Reformatory on September 23, 1954, and later transferred to the State Prison. On September 11, 1957, he was granted a conditional parole and was to remain on parole until expiration of his sentence. As a result of his conviction in Minnesota, his Federal parole was revoked and he completed his Federal sentence at the Federal Penitentiary, Leavenworth, Kansas. He was released from the Leavenworth prison on March 1, 1958, and returned to Minnesota. On July 26, 1958, he was sentenced to the workhouse for the commission of a misdemeanor. As a result of this conviction, the parole granted from the Minnesota felony conviction was revoked and he was returned to the State Prison. At this point the relator sought habeas corpus, claiming that the state had lost jurisdiction over him and therefore he could not be required to serve the remainder of his sentence. We affirmed the lower court's denial of relief, saying (261 Minn. 313, 112 N. W. [2d] 359):

"It is clear that here, by relinquishing temporarily custody over petitioner to the United States for the enforcement of its

sentence, the State of Minnesota did not surrender jurisdiction over him and that upon his return to this state it had full right to require petitioner to complete his sentence * * *."

In the instant case, as in State ex rel. Lampi v. Tahash, *supra,* the State of Minnesota merely relinquished temporarily custody over the petitioner to another sovereign state by the terms of the executive agreement. It is clear that the state did not surrender jurisdiction over him. The appeal is without merit. The order of the trial court is affirmed.

Affirmed.