**Ex parte James Barton CASTOR.**

**No. 45555.**

Court of Criminal Appeals of Texas.

June 21, 1972.

No attorney on appeal for appellant.

Jim D. Vollers, State's Atty. Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from an order of the court, after habeas corpus hearing, remanding appellant to custody for extradition to the State of Louisiana.

An extradition hearing was held and the Warrant of the Governor of the State of Texas was admitted into evidence. Such Executive Warrant appears to be regular on its face and the introduction thereof is sufficient to make a prima facie case authorizing extradition of the person named therein. Ex parte Leach, Tex.Cr. App., 478 S.W.2d 471; Ex parte Swain, Tex.Cr.App., 471 S.W.2d 412.

Appellant's sole contention on appeal is that he should not be extradited to the State of Louisiana because "he is wanted in several counties in this State for offenses prior to the execution of this warrant." No proof was offered to show that appellant was *wanted* in other counties in this State. Even so, such contention is not a defense to extradition. Article 51.13, Sec. 19, Vernon's Ann.C.C.P., states:

> "If a criminal prosecution has been instituted against such person under the laws of this State and is still pending, the Governor, in his discretion, either may surrender him on demand of the Executive Authority of another State or hold him until he has been tried and discharged or convicted and punished in this State."

No motion for rehearing will be entertained or filed by the Clerk except by leave of this Court after good cause has been shown.

The judgment is affirmed.