## STATE EX REL. ANTHONY GORDON DeGIDIO v. RALPH TALBOT.

250 N. W. 2d 169.

January 7, 1977—Nos. 46434, 46651.

C. Paul Jones, State Public Defender, and Robert E. Oliphant, Special Assistant Public Defender, for appellant.

Warren Spannaus, Attorney General, Richard G. Mark, Assistant Attorney General, Gary Hansen, Special Assistant Attorney General, and Robert W. Johnson, County Attorney, for respondent, sheriff of Anoka County.

Considered and decided by the court without oral argument.

PER CURIAM.

This is an extradition proceeding in which the governor of this state issued a rendition warrant for petitioner's surrender to Wisconsin authorities for trial on a felony charge arising out of a 1973 burglary petitioner allegedly committed in Wisconsin. Petitioner appeals from an order of the district court quashing two writs of habeas corpus. We affirm.

Petitioner was incarcerated in Minnesota while on bail from the Wisconsin charge. Wisconsin authorities placed a detainer on petitioner and sought, but were unable, to obtain temporary custody of him pursuant to Articles IV and V of the Interstate Agreement on Detainers, Minn. St. 629.292. It was not until petitioner was on parole that Wisconsin initiated extradition proceedings. Petitioner opposes extradition on two grounds: first, he contends that the delay in commencing the extradition proceedings violated his right of due process and that placing the detainer against him resulted in cruel and unusual punishment, and second, he contends that the governor of this state does not have authority to order extradition of a parolee.

The first issue raised by petitioner is not one which this court, as a sending state, will consider in determining whether extradition is proper. See, Gayles v. Hedman, 309 Minn. 289, 244 N. W. 2d 154 (1976), State ex rel. Chamberlain v. Martinco, 288 Minn. 231, 179 N. W. 2d 286 (1970), State ex rel. LaRose v. Granquist, 273 Minn. 231, 140 N. W. 2d 700 (1966), and State ex rel. Gegenfurtner v. Granquist, 271 Minn. 207, 135 N. W. 2d 447 (1965). This last case provided that a petitioner who wishes to challenge extradition may do so on one of four grounds, namely:

(a)  that the demand for extradition and the warrant issued in response to it are not in proper form;

(b)  that the criminal charge pending in the demanding state is inadequate to support extradition;

(c)  that he is not the same person as the person named in the demand; and

(d) that he was not present in the demanding state at the time of the offense charged.

The second issue, while not previously decided, is controlled by decisions of other courts interpreting the Uniform Extradition Act, §§ 2, 5, and 19; Minn. St. 629.02, 629.05, and 629.19. See, e. g., Buffalo v. Tanksley, 536 P. 2d 827 (Colo. 1975) and Ex Parte Castor, 481 S. W. 2d 830 (Tex. 1972). And see, Cleaver v. State, 290 Minn. 336, 187 N. W. 2d 700 (1971). These cases support the view that the governor of an asylum state has discretionary authority to order extradition of a fugitive before his sentence for violating the law of the asylum state has been satisfied. We believe that under the act the governor has discretionary authority to order extradition not only of prisoners but also parolees, and we so interpret the act.

Affirmed.