**STATE of Iowa, Appellee,**

v.

**William Lewis WELFORT, Appellant.**

No. 58433.

Supreme Court of Iowa.

Feb. 18, 1976.

Lloyd H. Wolf, of Napier, Napier & Wright, Fort Madison, for appellant.

Richard C. Turner, Atty. Gen., David L. Brown, Asst. Atty. Gen., and Barry M. Anderson, County Atty., for appellee.

Heard by MOORE, C. J., and RAWLINGS, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

McCORMICK, Justice.

Defendant contends Magistrate Joseph L. Phelan abused his discretion in sentencing him *in absentia* to a term "not to exceed six months" in the Lee County Jail and fining him $1000 upon his conviction after plea of guilty to possession of marijuana in violation of § 204.401(3), The Code. We find the portion of the sentence ordering defendant incarcerated is void because indefinite and the entire sentence should be set aside because the magistrate abused his discretion in sentencing defendant *in absentia.* We vacate judgment and remand the case for sentencing by a judge of the district court.

I. *Indefiniteness of the jail term.* The indeterminate sentence law does not apply to misdemeanors or to sentences not involving incarceration in the penitentiary. § 789.13, The Code. Defendant was convicted of a misdemeanor and under § 204.401(3), The Code, the maximum punishment was "imprisonment in the county jail for not more than six months or by a fine of not more than one thousand dollars, or by both such fine and imprisonment." Under that provision, since the indeterminate sentence law is inapplicable, a sentence to jail must specify a definite term. Otherwise it is uncertain and void. *State v. Stevenson,* 195 N.W.2d 358, 360 (Iowa 1972).

The provision for incarceration in the present case lacks certainty because it merely orders defendant to jail for a period "not to exceed six months". This encompasses a span ranging from an instant through the maximum possible term. It is indefinite and void.

II. *Sentencing defendant in absentia.* A defendant is required by statute to be present when sentenced for a felony. The statute provides he need not be present when sentenced for a misdemeanor. § 789.3, The Code. Defendant was not present when he was sentenced in this case. The State contends he waived his presence. We do not agree.

Defendant entered a not guilty plea when arraigned February 27, 1975. He appeared before the magistrate and changed his plea to guilty on April 21, 1975. During this proceeding the magistrate asked the assistant county attorney if he would resist

a deferred sentence. The assistant county attorney said he would not. Considerable discussion ensued in which the court explained the effect of a deferred sentence to defendant. Defense counsel requested a deferred sentence. Then the following occurred:

"The Court: The court will take the matter under advisement. There are several things we have to do. We have to check with a couple departments and make a pre-sentence investigation; and then do you, Mr. County Attorney, want another date set for a hearing and bring the defendant back with you and Mr. Wolf when the court makes up its mind whether or not a deferred sentence should be granted?

Mr. Kamp [assistant county attorney]: Your honor, I think in this case, I can't say. If the court feels like it wants to go ahead and enter a deferred sentence, it would be fine with me. Go ahead and enter the thing without having another date set for sentencing and go through that procedure. That will be fine with me.

The Court: Well, the court will take the matter under advisement. That will be all, gentlemen."

Although defendant's silence after this colloquy would arguably constitute acquiescence in the court's entry of deferred sentence in his absence, we agree with his contention it did not constitute waiver of presence if the court were to decide not to give him a deferred sentence.

Subsequently defendant filed a formal application for deferred sentence. A presentence report recommended that defendant be granted probation without comment on whether it should be granted through the vehicle of deferred judgment. On June 3, 1975, without further hearing, the magistrate entered judgment, summarily overruling defendant's request for deferred sentence and sentencing him for "not to exceed one year" in the county jail and fining him $1000. Neither defendant nor his counsel were given notice or an opportunity to be present when sentence was pronounced. On June 9, 1975, the court entered an *ex parte* order amending the judgment to substitute the words "six months" for "one year". The maximum term for possession of marijuana under § 204.401(3) is six months in the county jail.

Under this record, we hold the magistrate abused his discretion in pronouncing sentence without according defendant an opportunity to be present. We disapprove the manifestly casual way in which such a serious matter was handled.

The judgment is vacated. Although we are granted authority in § 793.18, The Code, to enter a proper sentence, we prefer to remand this case for a sentencing hearing to be conducted by a judge of the district court at which defendant shall be accorded the right to be present and to be heard in person and by counsel. Prior to such hearing the district judge shall obtain a supplemental presentence report to assist the exercise of his sentencing discretion. He shall disregard and give no weight to the defective judgment previously entered by the magistrate. Sentencing shall be handled anew.

Judgment vacated; cause remanded for resentencing.