### STATE of Iowa, Appellee,
### v.
### Randy Rae HENDRICKS, Appellant.
#### No. 58738.

Supreme Court of Iowa.

April 14, 1976.

James P. Hoffman, Keokuk, for appellant.

Richard C. Turner, Atty. Gen., Nancy J. Shimanek, Asst. Atty. Gen., Barry M. Anderson, County Atty., and M. Carl McMurray, Deputy County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, REES and REYNOLDSON, JJ.

MOORE, Chief Justice.

Defendant appeals judgment and sentence entered by Magistrate Joseph L. Phelan following defendant's plea of guilty to possession of marijuana in violation of Code section 204.401(3). We vacate judgment and remand the case for resentencing by a judge of the district court.

The events leading up to this appeal are shocking and most difficult to understand. The magistrate's handling of this case was strikingly out of the ordinary. The procedure followed and order entered are at complete variance with well established rules of procedure and legal principles. This is the second such record from the same court which has come to our attention. See *State*

*v. Welfort*, Iowa, 238 N.W.2d 781, Filed February 18, 1976.

Defendant, with counsel, came before the court for formal arraignment on July 21, 1975. Before any plea was entered the magistrate began an interrogation of defendant apparently in an attempt to comply with the standards set out in *State v. Sisco*, Iowa, 169 N.W.2d 542. After several questions and answers, the assistant county attorney interrupted to advise the magistrate no plea had been entered. Thereupon the magistrate inquired of defendant and his counsel if they intended to enter a plea of guilty. Each answered in the affirmative and the guilty plea was thus tendered. Much additional interrogation followed. The magistrate thereafter found defendant's plea of guilty was voluntarily and intelligently made and that a factual basis was established. Defendant appellant raises no issue on failure to conduct a formal arraignment. The standards of *Sisco* were sufficiently followed.

After accepting the guilty plea the magistrate inquired of counsel if they had further matters to take up with the court. The lower court transcript discloses this followed:

"MR. HOFFMAN: [defendant's attorney] YOUR Honor, we would request the deferred sentence, but as I understand, I think you will request the Bureau to make an investigation.

"THE COURT: In other words, you are requesting that the sentence be deferred in case the investigation and all of the other things are constant?

"MR. HOFFMAN: Yes sir.

"THE COURT: Do you have any objection to a deferred sentence, Mr. County Attorney, and I'd ask all the parties, both the parties, if it is satisfactory with you that the Court at the time it enters judgment, not require you to appear back in court. In other words, the Court will enter a formal judgment when the matter comes back to it after the investigation without further appearance in this court.

"MR. HOFFMAN: Is it because you are going on vacation?

"THE COURT: No, the reason I make this requirement, there is a complaint filed that when I entered a deferred sentence, all I did was enter a Judgment Entry and I didn't call the County Attorney back in and the defendant back in or the defendant's attorney back in and explain further proceedings.

"Mr. McMURRAY: Your Honor, if the defendant's record indicates that he is a candidate for a deferred sentence, I would have no objection having it done by Court Order rather than calling us back in.

"MR. HOFFMAN: That would be fine, under that basis."

After receiving a presentence report, Magistrate Phelan on September 5, 1975, without notice to or presence of the attorneys or defendant, entered judgment and sentence against defendant. He was sentenced to the county jail for a term "not to exceed six months" and fined $1000. The order suspended the fine on certain enumerated conditions.

On September 12 defendant filed a motion to vacate the judgment and sentence. The motion attacks the sentencing in absentia and alleged the presentence report was incorrect in several respects. The court on September 17, 1975 overruled defendant's motion. No mention was made of the sentencing in absentia. The motion to vacate was overruled on the ground the magistrate reaffirmed the sentence.

In *State v. Welfort*, supra, Iowa, 238 N.W.2d 781, we remanded for resentencing because of indefiniteness of jail term and sentencing in absentia. The same legal principles set out in *Welfort* apply to issues raised on this appeal and need not be repeated. The *Welfort* remand order is made applicable here.

The judgment and sentence of the magistrate is vacated. This cause is remanded for resentencing by a judge of the district court.

JUDGMENT VACATED; CAUSE RE-MANDED FOR RESENTENCING.