STATE of Iowa, Appellee,

v.

V. Allen TECH, Appellant.

No. 2–58402.

Supreme Court of Iowa.

April 14, 1976.

James Furey, Carroll, for appellant.

Richard C. Turner, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., Des Moines, and Thomas R. Eller, County Atty., Denison, for appellee.

Submitted to MOORE, C. J., and MASON, REES, UHLENHOPP and REYNOLDSON, JJ.

REES, Justice.

This is an appeal from an order revoking probation and an order overruling an application for postconviction relief filed subsequent to the revocation. We affirm trial court.

Defendant, on May 22, 1974, was convicted on his plea of guilty to the charge of assault with intent to commit rape in violation of § 698.4, The Code, 1973. Following plea bargaining negotiations he was given a suspended sentence and placed on probation to the Bureau of Adult Corrections for four years or during the term of his good behavior. On April 14, 1975, the county attorney filed an application to revoke the probation alleging the defendant had, on March 21, 1975, forcibly compelled a minor female to have sexual intercourse with him. An order entered April 10 and filed April 14 fixed 9:30 a. m., April 16 as the time and date for hearing on the application. The order directed service of a copy of the order fixing time of hearing and a copy of the application be served upon the defendant at least one day prior to the hearing. The record discloses that notice was served upon Leighton Wederath, attorney for the defendant, on April 14, but does not reflect any service of notice upon the defendant personally.

Hearing was held on April 16 and eight witnesses appeared for the State and testified. No evidence was adduced on the part of the defendant. At the close of the hear-

ing on April 16, the parties agreed that a second hearing would be held on April 25. A formal noticè of the hearing to be held at 1:00 p. m. on April 25 was served on the defendant the same day as the hearing, with the return of service filed on April 28, 1975.

On April 25 the second hearing was held, and defendant called certain witnesses in an attempt to establish an alibi. The complaining witness, the young woman upon whom defendant was charged with having committed the crime of rape, testified in rebuttal. Following the hearing, trial court entered its order revoking the probation of the defendant, finding therein the State had established by proof which "exceeded a preponderance of the evidence" that defendant had committed the rape with which he was charged, namely, on the person of Jody Smith on March 21, 1975.

On May 5, 1975, defendant filed his application for postconviction relief. Hearing was held thereon on May 20, 1975, the defendant offering in evidence only the transcript of the revocation hearings, and nothing further. The application for postconviction relief was denied on May 23, 1975, and this appeal ensued.

Defendant presents the following issues which he contends necessitate a reversal of the trial court:

(a) Trial court erred in conducting the preliminary and final revocation hearings without written notice to defendant personally of the hearings and the allegations of grounds for revocation of parole.

(b) Trial court erred in overruling defendant's motion to dismiss made after preliminary hearing on the grounds of lack of probable cause.

(c) Trial court erred by failing to enter a written ruling finding there was probable cause to hold Tech for a final or second revocation hearing and stating the evidence and reasons for holding defendant for a final hearing.

(d) Trial court erred in finding there was sufficient evidence to support the revocation of probation.

(e) Trial court erred in sustaining the State's general objection to question posed by defendant's counsel to the prosecuting witness, Jody Smith, as to whether she had had sexual intercourse before the alleged incident with defendant on March 21, 1975.

(f) Trial court, Judge Brannon, who presided at both revocation hearings and at the postconviction relief proceedings, erred in failing to disqualify himself, *sua sponte*, from hearing defendant's application for postconviction relief.

I. In his first issue stated for review, defendant alleges error on the basis of a violation of the due process standards dictated in *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484, 499, in which it was held there must be "written notice of the claimed violations" of probation before hearing held to revoke probation.

■ We deem it unnecessary to belabor this question. The defendant did not raise this issue prior to appeal. See *State v. Farmer*, 234 N.W.2d 89, at page 91 (Iowa 1975), in which case we said:

"Defendant contends he was denied due process of law because he was not given written notice of that proceedings. * * * This contention was not urged in the trial court and cannot be raised for the first time here."

No error was preserved. Hence there is nothing for us to review in connection with this issue.

II. We consider together the interrelated second and third issues presented for review.

■ Defendant contends trial court erred in overruling his motion to dismiss made at the close of the preliminary hearing, that is, the hearing held on April 16, 1975. The record does not disclose any motion to dismiss. We must conclude defendant is here treating as a motion to dismiss for want of probable cause this statement in the record by his counsel:

"MR. WEDERATH: Well, Your Honor, I say there isn't any evidence that he was

even in Dow City that night. It's that simple."

We do not perceive the above comment as a motion upon which ruling was either sought or required. Trial court obviously treated the foregoing statement of defendant's counsel as an argument and not as a request for a ruling on the issue of probable cause. The court agreed the identification evidence was circumstantial, but proceeded to instruct counsel that his understanding was that no conclusion was to be made at that stage of the proceedings. Thereupon, the parties agreed to a subsequent hearing to be held on April 25. We are unable to discern merit in defendant's second stated issue.

■ In *Morrissey v. Brewer, supra,* the Supreme Court analyzed the nature of the revocation of probation procedure upon a claim of violation, and noted there were two important stages in the typical process, the first to determine existence of probable cause for revocation, and the second to make disposition of the matter. See also *Gagnon v. Scarpelli,* 411 U.S. 778, 781–782, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656, 661.

■ In the matter before us the defendant was on probation and was not in custody, and in fact the revoking judge ended the preliminary hearing by indicating the defendant would remain free until after the second hearing. In *United States v. Strada,* 503 F.2d 1081, 1084 (8 Cir. 1974), the Circuit Court held that *Morrissey* and *Gagnon* require a preliminary determination of probable cause only where the probationer is under arrest, or deprived of his conditional freedom pending the outcome of the hearing for probation.

■ In *Rheuport v. State,* 238 N.W.2d 770 (filed February 18, 1976), we held under similar circumstances the trial court substantially complied with the mandate of *Gagnon* in revoking petitioner's probation. There trial court included in a single hearing the two analytically separate aspects of probation revocation, i. e., whether a violation had been proven and what disposition should be made of the matter.

We therefore find no merit in the second and third issues stated by defendant for review.

■ III. Defendant challenges the sufficiency of the evidence adduced to support the application for revocation of probation. We have reviewed the record and find there was sufficient evidence to support the revocation and conclude there is no merit in defendant's contention otherwise.

IV. Defendant next contends trial court erred in sustaining the State's objections at the initial hearing to the questions propounded to the prosecuting witness, Jody Lynn Smith, regarding her prior sexual experience.

■ It is ordinarily within the trial judge's discretion to decide whether to exclude evidence on grounds of relevancy. *State v. Wright,,* 203 N.W.2d 247, 251 (Iowa 1972). Trial court, in ruling on the defendant's objections, indicated the question of the chastity of the prosecuting witness was not an issue. We agree. Defendant's allegation of error on the basis of the court's ruling on this evidentiary question is entirely without merit.

V. Defendant next contends Judge Brannon, who had conducted the revocation hearings on April 16 and 25, should have taken the initiative to disqualify himself from presiding over the postconviction proceedings held on May 20, 1975.

■ Defendant cites no authority for this proposition. Furthermore, this issue was not raised below and is not before us for review.

Based on all of the foregoing, we conclude there is no merit in this appeal and affirm the trial court.

AFFIRMED.