STATE of Iowa, Appellee,

v.

Edward Dudley ROCKHOLD, Appellant.

No. 58555.

Supreme Court of Iowa.

June 30, 1976.

Thomas C. Younggren, of Norman, Younggren & Webber, Keokuk, for appellant.

Richard C. Turner, Atty. Gen., Thomas Mann, Asst. Atty. Gen., Barry M. Anderson, County Atty., and M. Carl McMurray, Deputy County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, REYNOLDSON and McCORMICK, JJ.

RAWLINGS, Justice.

Defendant, Edward Dudley Rockhold, appeals from judgment entered on jury verdict finding him guilty of possessing a controlled substance in violation of Section 204.401, The Code 1975. We reverse.

May 2, 1975, an information for search warrant, executed by Detective Kenneth R. Beaird as a self-declared "credible resident of Keokuk, Lee County", was presented to Magistrate Herbert E. Sandidge, Sr. This information stated, in essence:

"On the afternoon of March 7, 1975 S/A Robert Johstono conducted an undercover drug purchase from the above described residence consisting of ½ pound of marijuana. The affiant personally observed this undercover drug purchase from the afore described residence.

"Approximately on March 14, 1975, the affiant received information from a citizen of the city who advised that marijuana was kept in the afore described residence in the false ceiling of the kitchen area."

No additional supportive showing was made. The warrant promptly issued and thereafter defendant's home was searched.

Prior to trial Rockhold moved to suppress evidential use of the fruits flowing from said search. He thereby asserted the aforesaid information was fatally defective because it did not allege facts sufficient to

establish probable cause for issuance of the controverted warrant. The suppression motion was overruled and trial ensued.

At close of the State's case defendant again challenged validity of the search by a motion to dismiss (directed verdict) thereby alleging, in salient part, the ground advanced in his prior suppression motion.

As previously noted, defendant was found guilty and thereupon sentenced by Judicial Magistrate Joseph L. Phelan to serve a term of "not more than six months" in the county jail and pay a $1000 fine.

In support of a reversal Rockhold contends (1) the affidavit was insufficient as a matter of law to establish probable cause; (2) allegations in the affidavit regarding a marijuana purchase 56 days before issuance of the warrant was too remote in time to support a finding of probable cause; (3) the sentence of "not more than six months" is uncertain, therefore void.

These assignments will not be entertained in the order set forth.

■ I. At the outset it is parenthetically noted the adverse ruling on defendant's pretrial suppression motion served to preserve error for appellate review upon any ground asserted without renewal thereof by objection to controverted testimony in course of trial. See *State v. Hilpipre*, 242 N.W.2d 306 (Iowa 1976), and citations. See generally *McRae v. United States*, 137 U.S. App.D.C. 80, 420 F.2d 1283, 1287 (1969).

■ II. We have further repeatedly held a defendant's motion for directed verdict, made at close of State's evidence and overruled, need not be later renewed in order to preserve error where, as here, no further evidence is introduced. See e. g., *State v. Valde*, 225 N.W.2d 313, 317 (Iowa 1975); *State v. Dahlstrom*, 224 N.W.2d 443, 446 (Iowa 1974).

III. It is now equally well settled:

"Probable cause exists for issuance of a search warrant if facts supplied [under oath] to the issuing officer are sufficient in themselves to justify a reasonably cautious person to believe a crime has been or is being committed. See *Whiteley v. Warden, Wyoming State Penitentiary*, 401 U.S. 560, 564, 91 S.Ct. 1031, 1035, 28 L.Ed.2d 306 (1971); *State v. Everett*, 214 N.W.2d 214, 217–218 (Iowa 1974); *State v. Lynch*, 197 N.W.2d 186, 191 (Iowa 1972).

"For an extensive review of pertinent cases see *State v. Kraft*, 269 Md. 583, 307 A.2d 683, 685–698 (1973).

"This court has also held validity of a search warrant is to be tested only upon information brought to attention of the issuing magistrate. See *State v. Everett*, 214 N.W.2d at 217; *State v. Lynch*, 197 N.W.2d at 191. See also *State v. Liesche*, 228 N.W.2d 44, 48 (Iowa 1975).

"And, in order to suffice, claimed probable cause must rise above mere suspicion. See *State v. Shea*, 218 N.W.2d 610, 614 (Iowa 1974)." *State v. Birkestrand*, 239 N.W.2d 353, 356–357 (Iowa 1976).

■ IV. As also observed in *State v. Boer*, 224 N.W.2d 217, 219–220 (Iowa 1974), probable cause "cannot be established unless the issuing officer has sufficient facts, as opposed to mere conclusions, to make his own determination that it exists."

■ Further in this vein, no conclusory hearsay report by an informer will suffice absent a sworn underlying factual showing upon which a judicial officer may independently evaluate the reliability of such informant. See *State v. Birkestrand*, 239 N.W.2d at 358, citing *State v. Johnson*, 203 N.W.2d 126, 128 (Iowa 1972).

■ V. Moreover, "All essential facts bearing on the existence of probable cause must either be included in an affidavit or affidavits presented to the issuing officer or in the issuing officer's abstract or abstracts of sworn oral testimony. The search warrant must stand or fall on the facts shown in that manner." *State v. Liesche*, 228 N.W.2d 44, 48 (Iowa 1975). See also *State v. Easter*, 241 N.W.2d 885 (Iowa 1976).

Stated otherwise, any additional evidence adduced in course of a post-search hearing is not to be considered in weighing existence of probable cause for issuance of a

warrant. Consequently, testimony elicited at time of hearing upon defendant's pretrial suppression motion cannot augment the showing made by affidavit alone to Magistrate Sandidge.

VI.

"Another basic concept here involved, as stated by this court in *State v. Hagen*, 258 Iowa 196, 205, 137 N.W.2d 895, is that: 'A search is good or bad when it starts and does not change character from its success. The results obtained are not a factor to be considered in determining reasonableness of the search. *United States v. Di Re*, 332 U.S. 581, 595, 68 S.Ct. 222, 92 L.Ed. 210; *Carlo v. United States*, 2 Cir., 1961, 286 F.2d 841.' That means, the vindicated anticipation of what may be revealed can not validate an otherwise illegal search. (Authorities cited)." *State v. Spier*, 173 N.W.2d 854, 858 (Iowa 1970).

■ VII. Noticeably, by way of exclusion, defendant does not challenge the accuracy or truthfulness of some statements contained in Officer Beaird's affidavit. Therefore this facet of the case is not reviewed. See generally *Rugendorf v. United States*, 376 U.S. 528, 533, 84 S.Ct. 825, 828–829, 11 L.Ed.2d 887 (1964); *United States v. Luna*, 525 F.2d 4, 8–9 (6th Cir. 1975); *United States v. Marihart*, 492 F.2d 897, 899–900 (8th Cir. 1974); *State v. Boyd*, 224 N.W.2d 609, 614–616 (Iowa 1974); Annot., 100 A.L. R.2d 525, 543.

VIII. Initially considered is Rockhold's claim to the effect the warrant-based affidavit was substantively inadequate to support a probable cause finding by Magistrate Sandidge.

■ As heretofore indicated, he acted solely upon the basis of statements contained within the four corners of Officer Beaird's affidavit. Our review is accordingly confined. See *State v. Spier, supra*.

■ Admittedly, defendant did not below specifically assert probable cause for issuance of a search warrant was lacking due to the inordinate lapse of time between Beaird's affidavit-based observation, or receipt of a "citizen's" report and submission of his affidavit for issuance of the requested warrant. Therefore, the foregoing issue would not ordinarily be accorded appellate consideration. See *State v. Tech*, 240 N.W.2d 658, 660 (Iowa 1976); *State v. Merchandise Seized*, 225 N.W.2d 921, 923 (Iowa 1975); *State v. Kuchenreuther*, 218 N.W.2d 621, 623 (Iowa 1974).

Under the circumstances peculiar to this case, however, we entertain defendant's time-related probable cause assignment as a matter of justice and basic fairness. See *State v. Wallace*, 261 Iowa 104, 107–108, 152 N.W.2d 266 (1967); *State v. Byrnes*, 260 Iowa 765, 769, 150 N.W.2d 280 (1967); Code § 793.18; 22 Drake L.Rev. 477, 478–485 (1973); cf. *United States v. Steeves*, 525 F.2d 33, 37 (8th Cir. 1975).

■ IX. It will at this point be recalled the affidavit is in two parts. As a preface to further discussion we find the second portion, i. e., Beaird's factually barren hearsay on hearsay conclusory statement as to a citizen's March 14 report, standing alone, provided no viable basis upon which the instantly involved warrant could lawfully issue. See *Spinelli v. United States*, 393 U.S. 410, 415–416, 89 S.Ct. 584, 588–589, 21 L.Ed.2d 637 (1969); *Aguilar v. State of Texas*, 378 U.S. 108, 114–115, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723 (1964); *State v. Spier*, 173 N.W.2d at 858–860. More specifically, mere reference to receipt of hearsay information from a "citizen" did not suffice because it could have been founded upon nothing more than mere rumor, speculation or surmise. In other words, trustworthiness thereof could not be independently determined. See *State v. Birkestrand*, 239 N.W.2d at 357, and citations. See also *State v. Boer, supra*.

■ There remains, however, the first segment of the affidavit relating to Beaird's March 7 observance of an undercover marijuana purchase at the designated residence. Here we encounter a twofold obstacle in that said affidavit contained no statement whatsoever from which Sandidge could even reasonably infer (1) any March 7

occupant of the described premises resided there 56 days later when the May 2 warrant issued or (2) existence of a continuing illegal activity at the given address within the facially evident lengthy intervening period. Unquestionably, facts recited in support of a request for issuance of a search warrant must be so closely related to the moment of issuance as to justify a finding of probable cause at that time. See *Sgro v. United States,* 287 U.S. 206, 210–211, 53 S.Ct. 138, 140, 77 L.Ed. 260 (1932).

■ It therefore follows that although time is not alone determinative it is one of several factors to be considered in ascertaining the existence or nonexistence of probable cause for issuance of a search warrant. See *Schoeneman v. United States,* 115 U.S.App.D.C. 110, 317 F.2d 173, 176–177 (1963); *State ex rel. Townsend v. District Ct. of Fourth J.D.,* Mont., 543 P.2d 193, 195–196 (1975); *Commonwealth v. Shaw,* 444 Pa. 110, 281 A.2d 897, 899 (1971); *Stovall v. Commonwealth,* 213 Va. 67, 189 N.E.2d 353, 356 (1972); *State v. Spencer,* 9 Wash.App. 95, 510 P.2d 833, 834 (1973), and citations; 3 Wright, Federal Practice and Procedure, § 662, n. 30 at 23; 68 Am.Jur.2d, Searches and Seizures, § 70; 79 C.J.S. Searches and Seizures § 74; Annot., 100 A.L.R.2d 525; cf. *State v. Birkestrand,* 239 N.W.2d at 358–359; *Ashley v. State,* 251 Ind. 359, 241 N.E.2d 264, 268–269 (1968); *State v. Ingram,* 251 Or. 324, 445 P.2d 503, 504–505 (1968); 59 Iowa L.Rev. 1308 (1974).

■ It is to us apparent Officer Beaird's specious reference to an isolated and remote purchase at the given address created a factual vacuum which Magistrate Sandidge ostensibly filled by an impermissible bootstrap process.

In brief, the affidavit read as a whole did not provide requisite probable cause upon which the controverted search warrant could properly issue. Consequently, trial court erred in overruling Rockhold's suppression motion as to fruits of the warrant-based search. Attendant introduction of same in evidence necessitates a reversal. See *Saville v. O'Brien,* 420 F.2d 347, 351 (1st

Cir. 1969); *Application of Gray,* 155 Mont. 510, 473 P.2d 532, 537 (1970).

X. By virtue of the above holding there is no need to discuss the indeterminate sentence here once again improperly entered by Judicial Magistrate Phelan. See *State v. Hendricks,* 240 N.W.2d 640 (Iowa 1976), and citations.

We reverse and remand this case for a new trial before a judge of the district court.

REVERSED AND REMANDED FOR A NEW TRIAL.