**STATE of Iowa, Appellee,**

v.

**Jerry GILLESPIE, Appellant.**

No. 94–372.

Supreme Court of Iowa.

April 26, 1995.

---

Linda Del Gallo, State Appellate Defender, and John F. Fatino, Asst. State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., John P. Sarcone, County Atty., and Jamie Bowers, Asst. County Atty., for appellee.

Considered by LARSON, P.J., and LAVORATO, NEUMAN, SNELL, and TERNUS, JJ.

LAVORATO, Justice.

Is probable cause for an anticipatory search warrant based on events that may or may not happen in the future sufficient under our search warrant statutes to make the warrant valid? The district court thought so and overruled defendant Jerry Gillespie's motion to suppress. We disagree. We re-verse Gillespie's conviction based on evidence obtained under such warrant and remand for new trial.

Authorities suspected that Larry Randy Stephenson was trafficking in illegal drugs. He was the subject of an on-going investigation. He was arrested for delivery of four ounces of cocaine to a confidential informant on August 13, 1992. When asked about his source, Stephenson stated he bought the cocaine from Gillespie at 4028 Hubbell Avenue, apartment 267, in Des Moines. Stephenson believed Gillespie had more cocaine at his residence, 3008 East Washington.

At this point Stephenson agreed to cooperate with the authorities. On the basis of the information Stephenson provided, an agent working on the case and an assistant Polk County attorney went to District Judge James Brown seeking an anticipatory search warrant for the Hubbell apartment and the East Washington residence. Judge Brown granted the warrant, conditioning probable cause to search upon the happening of three events. Briefly, these events were (1) Stephenson would make a controlled buy of cocaine from Gillespie, (2) Stephenson would bring the cocaine back to agents after the transaction, and (3) the substance Stephenson purchased would either field test positively for cocaine, or appear to be cocaine.

All three events occurred. The warrant was executed at both addresses. Evidence of illegal activity seized from the Hubbell address was later suppressed. Evidence from the East Washington address was used by the State to convict Gillespie.

The State filed a five-count trial information against Gillespie on September 28. Count I was for delivery of a controlled substance (cocaine salt). *See* Iowa Code § 204.401(1)(c)(2)(b) (1991). Count II was for possession of a controlled substance (cocaine salt) with the intent to deliver. *See* Iowa Code § 204.401(1)(c)(2)(b). Count III was for possession of a controlled substance (methamphetamine) with the intent to deliver. *See* Iowa Code § 204.401(1)(c)(6). Count IV was for failure to possess a drug tax stamp. *See* Iowa Code § 421A.3. Count V was for possession of a controlled sub-

stance (marijuana). *See* Iowa Code § 204.401(3). In addition, the State alleged that Gillespie was in possession or control of a firearm at the time he possessed cocaine or methamphetamine with the intent to deliver. *See* Iowa Code § 204.401(1)(e). (The State later dropped Count II.)

Gillespie filed a motion to suppress and later amended his motion. Following a hearing, District Judge Joel D. Novak suppressed all of the evidence seized from the Hubbell address but not the evidence seized from the East Washington address.

The case went to trial and the jury found Gillespie guilty on all remaining counts. Gillespie moved for a new trial based upon the court's failure to suppress the evidence seized from the East Washington address. The trial judge—District Judge Glenn E. Pille—denied the motion following a hearing. Judge Pille sentenced Gillespie to twenty years imprisonment under the enhancement provisions of Iowa Code section 204.401(1)(e). Gillespie appealed.

According to one commentator, an anticipatory search warrant is "a warrant based upon an affidavit showing probable cause that at some future time (but not presently) certain evidence of a crime will be located at a specified place." 2 Wayne R. LaFave, *Search and Seizure* § 3.7(c), at 94 (2d ed.1987). In short, the anticipatory search warrant anticipates that probable cause will exist after the warrant is issued. As he did in the district court, Gillespie contends here that our search warrant statutes do not allow such warrants because the statutes do not refer to future events.

■ The controlling statutes are Iowa Code sections 808.3 and 808.4. They pertinently provide:

A person may make application for the *issuance* of a search warrant by submitting before a magistrate a written application, supported by the person's oath or affirmation, *which includes facts, information, and circumstances tending to establish sufficient grounds for granting the application, and probable cause for believing that the grounds exist.*

Iowa Code § 808.3 (emphasis added).

*Upon a finding of probable cause for grounds to issue a search warrant,* the magistrate shall issue a warrant....

Iowa Code § 808.4 (emphasis added).

We agree with Gillespie that the plain meaning of these statutes is that probable cause must exist at the time the warrant is *issued* and *not at some future time when the warrant is executed.* Both statutes focus on probable cause for the warrant to *issue.* For example, the language "probable cause for believing that the grounds exist" in section 808.3 suggests that probable cause must exist at the time the warrant is issued and not at some future time.

The language "facts, information, and circumstances" for probable cause in section 808.3 also supports our conclusion because the language suggests matters that are in existence. "Fact" is defined as "a thing that has actually happened or is true" and not something that is likely to happen. Webster's New World Dictionary 220 (2d ed. 1987). "Information" and "circumstance" carry similar meanings. *Id.* at 311, 113.

■ Additionally, we have strictly limited the determination of whether probable cause exists to a consideration of only those facts reduced to writing that were actually presented to the issuing judge at the time the application for the warrant was made. *State v. Rockhold,* 243 N.W.2d 846, 848 (Iowa 1976). Any additional facts adduced later cannot be considered. *Id.* at 848–49. Plainly, sections 808.3 and 808.4 do not contemplate future acts or events as constituting probable cause.

Not surprisingly, the district court was troubled by this issue. The court concluded, as we have, that neither statute refers to future events. Yet the court resolved the issue this way:

Defendant is correct when he states that neither statutory provision [sections 808.3 and 808.4] refers to future events. The court believes, however, that the language of these provisions is ambiguous as to whether probable cause must exist at the

time a search warrant is issued. For the reasons which follow, the court will resolve this ambiguity by concluding that these statutory provisions do not require that probable cause exist at the time a search warrant is issued; only that it exist at the time the warrant is executed.

The Iowa supreme court has stated that courts are obliged to interpret statutes in conformity with the common law wherever the language of a statute does not directly negate the common law. As the previous discussion demonstrates, the court believes the common law does not require probable cause to exist at the time a search warrant is issued. Therefore, because neither [section] 808.3 or 808.4 negates the common law by expressly requiring that probable cause exist at the time the warrant is issued, the court believes this rule of statutory interpretation requires the court to reject defendant's argument.

There are several flaws in the court's analysis. First, as we earlier pointed out, we see no ambiguity in the language of the two provisions. As we said, sections 808.3 and 808.4 plainly do not contemplate future acts or events as constituting probable cause. Second, assuming an ambiguity exists, the district court was obliged to resolve that ambiguity in favor of the defendant and not against him. *Bown v. State*, 475 N.W.2d 3, 6 (Iowa 1991) (ambiguities in criminal statutes are resolved in favor of defendant). Last, the major part of the court's analysis assumes incorrectly that there is a common-law right to issue a search warrant. *See Meier v. Sulhoff*, 360 N.W.2d 722, 726 (Iowa 1985) ("[T]here is no common-law right to issue a search warrant."). Therefore, as Gillespie contends, the two statutory provisions cannot be construed in accordance with the common law because the right to issue a search warrant did not exist at common law.

■ Here the application for the search warrant states:

It is anticipated that on August 13, 1991 or August 14, 1991 the following events will occur:

1. Members of the state division of narcotics will purchase cocaine from Jerry Lee Gillespie through Larry Randy Stephenson. Stephenson will use preserialized money from state funds to purchase the cocaine. The narcotics agents will monitor the transaction both visually and via audio transmitter.

2. Larry Randy Stephenson will bring the cocaine to this affiant and/or other officers after the transaction. The transaction will occur at either 4028 Hubbell, Apt. # 267 or 3008 E. Washington, both in Des Moines, IA.

3. The substance sold to Stephenson will field test positively as cocaine or will have the appearance of cocaine.

These three anticipated events are seen as conditions precedent for probable cause to execute this search warrant.

In the endorsement attached to the search warrant application, Judge Brown, the magistrate who issued the search warrant, wrote:

The court finds that if the three conditions precedent listed in [the application] occur, there is probable cause to search and this warrant will be valid.

The magistrate's finding that probable cause exists depends on all three conditions being met. These conditions may or may not exist in the future; they were not established facts at the time the search warrant was issued. Accordingly, the search warrant was invalid.

We want to make clear that our holding does not render invalid search warrants in which probable cause is based on facts that show a crime is being committed at the very moment the warrant is issued. *See, e.g., State v. Easter*, 241 N.W.2d 885, 886 (Iowa 1976) (search warrant application detailed facts showing that (1) suspects were traveling to Des Moines by air, (2) suspects were carrying drugs, and (3) suspects would arrive in Des Moines via a certain flight several hours from the time of the application; search warrant upheld as valid). In such circumstances, there are facts establishing probable cause at the time the warrant issues. Probable cause in this instance is "the belief of a person of reasonable caution that an offense ... is being committed." *Id.* at 887.

Because the search warrant here was invalid, the district court committed reversible error when it overruled Gillespie's motion to suppress. Evidence that should have been suppressed was used to convict him. Gillespie's conviction must therefore be reversed and the case remanded for new trial.

**REVERSED AND REMANDED.**